Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO **Recurrido** V. ROY GEORGE KARAKOZIAN **Peticionario** | KLCE202301065 | *CERTIORARI* procedente del Tribunal de Primera Instancia Caguas Crim. Núm: E1VP202301151, 1158 SOBRE: ART. 93 CÓDIGO PENAL Y OTROS |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

El 26 de septiembre de 2023, el Sr. Roy George Karakozian (señor Karakozian o peticionario) compareció ante nos mediante *Petición de Certiorari* y solicitó la revisión de una Resolución que se emitió y notificó el 18 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Urgente Moción en Solicitud de Traslado* que presentó el peticionario.

Por los fundamentos que expondremos a continuación, declaramos **No Ha Lugar** la *Moción de Paralización y en Auxilio de Jurisdicción* y **denegamos** el recurso de epígrafe.

I.

El 29 de agosto de 2023, se presentaron ocho (8) denuncias contra el señor Karakozian por infracciones al Art. 93(A) (Asesinato en Primer Grado) de la Ley Núm. 146-2012, también conocida como *Código Penal de Puerto Rico de 2012*, según enmendado, 33 LPRA sec. 5142 (Código Penal), tentativa de asesinato, al Art. 249 (c) (Riesgo a la seguridad u orden público al disparar arma de fuego)

del Código Penal, 33 LPRA sec. 5339, al Art. 6.05 (Portación, Transportación o Uso de Armas de Fuego sin Licencia) de la Ley Núm. 168-2019, también denominado la *Ley de Armas de Puerto Rico de 2020*, según enmendada, 25 LPRA sec. 466d (Ley de Armas) y el Art. 6.14(a) (Disparar o Apuntar Armas de Fuego) de la Ley de Armas, 25 LPRA sec. 466m.[1]

Así las cosas, el 15 de septiembre de 2023, el peticionario presentó una *Urgente Moción en Solicitud de Traslado* en la cual solicitó el traslado del caso criminal en su contra del TPI de Caguas en ánimo de proteger la imagen de imparcialidad del sistema judicial en dicho proceso.[2] Sostuvo que los hechos del caso de autos ocurrieron en dicho centro judicial y el Ministerio Público llamaría como testigos a los alguaciles y demás personal que laboran en dicho foro y que presenciaron los hechos en cuestión. Así pues, indicó que procedía el traslado a otra región judicial en la cual no laborara ninguno de los alguaciles y el personal del poder judicial que presenciaron, intervinieron o están relacionados con los hechos alegados.

En respuesta, el 18 de septiembre de 2023, el Ministerio Público presentó una *Moción en Oposición a Solicitud de Traslado* […].[3] Argumentó que la solicitud del peticionario era errada y prematura puesto que aún el caso no se encuentra en la etapa de juicio y tampoco se conoce si va a ser un caso de juicio por jurado. Además, planteo que el peticionario no estableció hechos específicos y concretos que evidenciaran la posibilidad de que se le viole el derecho a un juicio justo e imparcial. Por último, sostuvo que la Regla 16 de las *Reglas para la Administración de los Tribunales de Primera Instancia*, 4 LPRA Ap. II-B establece que el traslado del caso

---

[1] Véase, págs. 1-16 del apéndice del recurso.
[2] Íd., págs. 17-19.
[3] Íd., págs. 27-31.

procede cuando cualquier empleado o empleada, funcionaria o funcionario, juez o jueza sean partes en el litigio por lo cual no aplica en el presente caso ya que los funcionarios del tribunal serían testigos y no partes en el pleito. Por estas razones solicitó que se declarara No Ha Lugar la solicitud de traslado.

Evaluados los planteamientos de ambas partes, el 18 de septiembre de 2023 el TPI emitió y notificó una *Resolución* en la cual declaró No Ha Lugar la solicitud de traslado.[4] Puntualizó que la Regla 16, *supra,* entra en vigor cuando se trata de partes perjudicadas o con interés en un caso y no cuando comparecen como testigos. Añadió que de un examen del expediente no se desprende que haya empleados(as), funcionarios(as) y/o jueces(zas) del Centro Judicial de Caguas que sean identificados como parte del caso. Incluso, señaló que de los doce (12) testigos anunciados por el Ministerio Público únicamente uno (1) se informó como empleado o funcionario del Tribunal.

Por otro lado, reconoció que las solicitudes de traslado no se pueden autorizar mediante un análisis liviano y, por ende, la parte que lo solicita tiene el peso de la prueba para demostrar el perjuicio que provocaría no ordenar el traslado mediante hechos específicos y concretos. Concluyó que en la solicitud de traslado que presentó el peticionario no fueron suficientes para derrotar la presunción de que no existe prejuicio en su contra. Asimismo, señaló que, aunque la solicitud del peticionario no se fundamentó bajo la Regla 81 de las Reglas de Procedimiento Criminal, que establece fundamentos para las peticiones de traslado en los casos criminales, no se acreditó que estén presentes en el presente caso alguno de los fundamentos que contiene dicha regla para autorizar el traslado. Por último, aclaró que, aunque no autorizó el traslado, que cualquier

---

[4] Íd., págs. 33-34.

funcionario o empleado del Centro Judicial de Caguas que haya sido identificado como potencial testigo, se le prohibía el acceso al expediente o a participar en cualquier proceso relacionado al caso.

Inconforme con este dictamen, el 26 de septiembre de 2023, el señor Karakozian presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal Instancia e incurrió en abuso de discreción al denegar la moción de traslado presentada por el peticionario en crasa violación al debido proceso de ley.**

De igual forma, la parte peticionaria presentó una *Moción de Paralización y en Auxilio de Jurisdicción* junto al recurso de epígrafe la cual declaramos No Ha Lugar.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al

resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente, y a los criterios que emanan de la Regla 40 de nuestro Reglamento, *supra,* no surge que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Consecuentemente, determinamos denegar el recurso de epígrafe.

IV.

Por los fundamentos previamente expuestos, **denegamos** el recurso de *certiorari* y declaramos **No Ha Lugar** la *Moción de Paralización y en Auxilio de Jurisdicción.* En consecuencia, devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Caguas, para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones